Oh yes, oh yes, oh yes. The Honorable Appellate Court, 5th District, State of Illinois, is now in session. The Honorable Justice Moore presiding, along with Justice Welch and Justice Scholar. The next case this morning is 524-0286, Hebel v. Delong. Arguing for the appellant is Brian Koch. Arguing for the appellee is Max Booth. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the Clerk of the Court is proceedings today. Counsel for the appellant, you may proceed. Please state your name for the record. Thank you, Your Honors. May it please the Court, Counsel, my name is Brian Koch, and I represent the appellant in this case, Aaron Delong. Your Honors, this case comes down to whether the Circuit Court erred by denying Mr. Delong leave to file his second post-conviction petition after ruling that he hadn't shown the necessary clause and prejudice to be granted leave to file. That ruling was incorrect for two reasons, as we discussed in our briefs, and I'm more than happy to answer any questions that this Court has about either of those issues this morning. However, I'd like to start my time this morning by focusing on the first of those issues, which stems from the ineffective decision of Mr. Delong's post-plea counsel to file a superfluous or unnecessary post-conviction petition during the post-plea proceedings that several years before the current post-conviction proceedings. As Mr. Delong had alleged in his current pro se petition, although that petition was the second one that had been filed chronologically in his case, it should have been treated as an initial petition that was not subject to the requirement of cause and prejudice because of the ineffective representation that he received from his post-plea attorney when counsel filed a post-conviction petition in addition to a Mr. Delong, after he had entered an open guilty plea, filed a pro se motion to withdraw his plea that alleged claims of ineffective assistance of his plea counsel, and those claims addressed both the bargaining and entry of the plea and errors by counsel that allegedly occurred at the sentencing hearing. And because that motion was timely filed after Mr. Delong's open plea, the Circuit Court had jurisdiction under Rule 604d to address claims of error related both to the entry of the plea through a motion to withdraw a guilty plea and to the entry of the sentence through a motion to reconsider sentence. So the bottom line there is that all of the claims that Mr. Delong raised in his motion to withdraw plea, all the claims they raised about his plea counsel were cognizable and could have been raised in the normal motions that can be filed under Rule 604d after an open guilty plea. So there was absolutely no need either jurisdictionally, substantively, or procedurally for the defense to have invoked the Post-Conviction Hearing Act as grounds to pursue any of Mr. Delong's claims during those post plea proceedings under Rule 604d. But instead of simply pursuing Mr. Delong's claims through those two normal post plea motions envisioned under Rule 604d, his post plea counsel instead turned that post plea proceeding into a hybrid of post plea and post conviction proceedings by concurrently pursuing Mr. Delong's claims in both a motion to withdraw a guilty plea and a post conviction petition. Now because all of Mr. Delong's claims related to the open plea and sentence could have been raised in those standard motions permitted by Rule 604d, that decision by post plea counsel had no strategic benefit at that time to Mr. Delong because it didn't permit the circuit court to consider any claims that the court wasn't already permitted to consider under Rule 604d. But that decision which offered no benefit to the defense turned out to be very highly damaging to Mr. Delong, although that prejudice didn't materialize until Mr. Delong more recently attempted to file his own pro se post conviction petition. Let me stop you there counsel though. What impact was the abandonment of Mr. Delong's direct appeal though on the issue before us? I don't think it has any impact your honor because well and and partly that's because this ineffective assistance claim it didn't become prejudicial to Mr. Delong. It didn't affect the outcome of his future criminal proceedings until he actually attempted and decided to file a pro se post conviction more recently. Once he decided to do that, counsel's decision to have earlier filed a post conviction petition during post plea proceedings that was unnecessary, that's when the prejudice from that error finally materialized. So this wouldn't have been a claim that he could have raised on the direct appeal that he dismissed. Had he raised that claim, he would have had two problems. First of all, he wouldn't be able to demonstrate any prejudice that had yet occurred in his case because he hasn't he hadn't yet filed a subsequent post conviction petition that would be subject to positive prejudice. And he wouldn't have been able to point to anything in the record to show that prejudice. He would have essentially been asking the court for an advisory opinion that counsel was ineffective. And therefore, if he in the future decided to file a pro se post conviction petition, it should be treated as an initial petition. So the issue isn't really ripe for review until in his current post conviction pleadings, he alleged that his post plea counsel was ineffective for that reason. And he cited this court's decision and people versus little as grounds for the remedy that he had partially requested as a result of that ineffective assistance. And that was that because counsel had ineffectively filed a post conviction petition when it was unnecessary, that deprived him of the opportunity to have a full, complete post conviction proceeding, which is exactly what happened in people versus little. So in little, the defendant in that case had filed a first post conviction petition because his attorney from his trial had not properly perfected a direct appeal. So he needed to file a first post conviction petition to raise that claim of ineffective assistance in order to obtain his direct appeal. He then later filed after the conclusion of that direct appeal, he filed a second post conviction petition. And this court held that because he was required to file that first post conviction petition to simply obtain his direct appeal that was lost by ineffective assistance of his prior counsel, his current second post conviction, even though it was chronologically a successive petition, shouldn't be evaluated as such, because that would have denied him his one complete opportunity to seek collateral with a view of the judgment. I think that reason is even more direct here. In little the defendant himself had to file the first post conviction petition to correct an error by counsel that deprived him of the normal proceedings that were available to him to challenge his conviction. But in this case, it was counsel's error itself by counsel himself filing that unnecessary post conviction petition that directly deprived Mr. Glogg of a full and fair initial post conviction proceeding that would not be subject to the cause and prejudice requirement, a full and fair proceeding on a post conviction petition in which he could raise not just constitutional claims that arose from his plea and sentence, but also constitutional claims that arose from the post judgment proceeding itself, which is a proceeding but which he also had a constitutional right to the effective assistance of counsel. I have a question counsel. Sure. He filed his 11-10-21 pro se motion as a motion for leave to file a successive post conviction petition. And at the end of that motion, he also seemed to address and argue the cause and standard. How can he now argue it was meant to be a first PC petition when he seemed to accept and already argue that it was successive in nature? Right. And I think this gets to the state's invited error argument, your honor. I think the problem with that is when he filed his motion for leave to file, he certainly acknowledged that this was a second petition. And I think as a wise pro se litigant, he should at least alternatively address cause and prejudice as grounds for allowing the petition to be filed. However, his other pleadings, he filed a pro se post conviction petition and also a memorandum of law. And in all of his pleadings, he first of all alleged that his post plea attorney was ineffective for basically repackaging his motion to withdraw claims also as a post conviction petition. And in his memorandum of law, he specifically requested the alternative relief of either address this as a successive petition and find that I should be granted leave file because I've shown cause and prejudice. But he alternatively asked for the court to treat his current petition as an initial petition. And he specifically cited people versus little in his pleadings. So he essentially asked for alternative relief or either treat this as initial initial petition or find that I've shown cause and prejudice. So I don't think he specifically invited this error. I think he specifically requested that the court do one of those two things to advance his petition to the second stage. It looks like I'm starting to get low on time. So I'll briefly address the second issue. You know, once this case did make it to second stage, the other error that happened in this case is that the circuit court judge, the second circuit court judge assigned to this case after council had been appointed and was working on complying with rule 651 C by consulting with the client and was in the process of preparing an amended petition before council had a chance to file that amended petition. The second circuit court judge, without any notice to the parties or an opportunity for the defense to respond or to complete their obligations under 601 C, the circuit court denied leave to file in a written order that sort of short circuit of process. So that was a violation of due process, a violation of the right to notice and an opportunity to respond. And I will point out that that wasn't a harmless violation of due process because one of the things that defense council could have said in response to the judge's possible decision to dismiss this for a lack of cause and prejudice is to allege exactly what Mr. DeLong had alleged in the alternative in his memorandum of law, that the court should treat this as an initial petition because of the ineffective representation he received from his post plea attorney. So for those reasons, we would ask this court to reverse the circuit court's denial of leave to file, remand the cause back to the circuit court for second stage proceedings, along with instructions that the petition be evaluated as an initial petition because of the ineffective assistance of post plea counsel. Thank you, your honors. Justice Schoenler, any questions? No further questions. We'll now hear from the state. Mr. Booth, please state your name for the record and you may proceed. Your honors, I am Max Booth. I represent the people and may please the court and counsel. In addition to the invitation to air and res judicata and forfeiture issues that all functionally foreclose the argument before we reach a number of arguments by counsel here today, there are two points to emphasize before digging into those. First of all, petitioner's argument that there was no prejudice before the underlying appeal that defendant voluntarily dismissed. He asserts that the appeal doesn't bear on his claims because the prejudice hadn't arisen yet. However, if there was no petition prejudice to defendant yet when he filed the initial petition, there's no prejudice now. Defendant has not presented an argument that he was prevented from raising some sort of basis to continue pursuing this litigation. To the extent defendant says that would have been seeking an advisory opinion which is improper, that's the relief he's asking for now is that his future petition qualifies under cause and prejudice functionally that he should be forgiven for the prior petition that he filed. And so he runs into the same issue here. However, that is not the state of the law, which is that when he filed his original appeal, that was after Fuller had already represented him and filed the petition that was well within the bounds of appellate counsel's ability to litigate and argue. And so therefore defendant's decision to terminate that appeal despite counsel advising him that there would be consequences for dismissal, including foregoing attack on the judgment below by means of the appeal, means that the claims he could have raised, not just that he did, but also that he could have raised are foreclosed. This runs into the res judicata issue where the way defendant gets relief on his sentence, on his plea, is to withdraw that plea. And then when given the opportunity to challenge that plea on an appeal, he withdrew it. That terminated his claim he can't get additional litigation on that matter. To be clear, all representation that Fuller made at relevant points was before the appeal he missed. Can I ask you, though, counsel, would there be a strategic reason, though, for him to file basically a joint motion to withdraw amended motion and and a post conviction relief at the same time? Well, your honor, the post conviction allows him to bring up and emphasize matters outside the record. He had his motion to withdraw. He had a PC petition. And so counsel using that PC as a vehicle to emphasize the matters outside the record. Obviously, I'm not in counsel's head. However, there are considerations in forcing the court to evaluate the motion to withdraw and PC petition separately, get two rulings, get two bites at the apple functionally. And so it can't just be assumed that that representation was deficient. Without ignoring the fact that all of the cases that I've covered so far, there are a number of cases that is still subject to the same forfeiture and other procedural bars, one of which I haven't covered, is the forfeiture of claiming that it should be reviewed as an initial petition. That was never raised below. The circuit court never got the opportunity to respond to that. And so defendant is not allowed to pursue it on this basis. And so what we have here is the subsequent post-conviction attorney, pardon me, judge's ruling where the judge looked at the record and said there is no ruling on cause and prejudice here. I need to find one that. The court was absolutely correct to do so because this finding is required as a prerequisite for it even being filed on the document. Before this matter can ever come to the party's attention, the court has to review what defendant himself has already styled as a successive petition and then determine whether cause and prejudice exists. Nothing in the record indicates this has happened before the second judge evaluated cause and prejudice. And in fact, the judge in its order noted the deficiencies in the record, the failure by the prior court to make a finding on cause and prejudice and its responsibility to do so before further proceedings were allowed. There's no question that people view Bailey's explicit language says that does not need a hearing. That is to be evaluated on the filings alone. And so when defendant filed his petition, the court was obligated to review it for cause and prejudice. Also notably for forfeiture, defendant after receiving this ruling on cause and prejudice did not claim that the reconsideration was necessary because the court made an error of fact as to a prior ruling on cause and prejudice, did not assert that the previous judge had in fact made such a ruling, and also failed to submit that it should be evaluated as an initial petition in any way. Instead, defendant came directly to the appeals court without presenting those matters to the court below, and therefore those matters are forfeited. In addition, under the principles of Fauci v. O'Brien, defendant can't take any ambiguity in the record and construe that as a finding that there was cause and prejudice. Instead, we take the record we have. And even stronger than ambiguity, the circuit court made a specific finding that no cause and prejudice had been established up until that point. Council refers to language in Bailey that talks about the people having an opportunity to litigate cause and prejudice. That after council is appointed, after there is already a filing, well after there's already been a filing on cause and prejudice, that the people under I believe bring to the court's attention a deficiency in cause and prejudice. They do, but the part immediately before that in paragraph 26 says that that is only after the court makes the initial assessment and the initial finding of cause and prejudice. So if defendant wanted the relief of an amended petition, if he wanted leave to file an additional successive petition, he failed to pursue that in the trial court. He failed to ask after the court's finding and immediately went to appeal here. As such, he's forfeited that argument. Not to mention the fact that the relief sought on whatever argument he has not stated doesn't justify additional proceedings here. Because because the court was obligated to make that finding and determine cause and prejudice on the pleadings themselves and the attached documentation, the court did not err in making a ruling of cause and prejudice on the pleadings themselves and the attached documentation. That's what issue two boils down to. And so his desire to have filed an amendment to have received the benefit of council in amending the claim when that council is not required under People v. Bailey or any of the subsequent law. The Illinois Supreme Court has said you get your filing generally pro se and then the court evaluates that finding. So building in this requirement that council be allowed to amend the petition before a ruling on cause and prejudice is contrary to Bailey and must be rejected. Now, if I may argue a few details of the first issue. Again, the ineffectiveness that is submitted at issue here is tied to the ability for future relief functionally. The ability to seek a future petition that may assert some type of ambiguous claim. And that is not enough to establish prejudice. The people stand by that. However, the cause and prejudice that underlies the court's ruling and its evaluation of that cause and prejudice was never challenged on this appeal. Defendant has not said that the court erred, that its review of cause and prejudice as to this petition was erroneous, that it mis-evaluated any of the ways to look at cause and prejudice. And so he cannot argue that through the remainder of this appeal and its ruling should be undisturbed. This claim that, pardon me, whether or not council was required to amend that petition is tied to a pragmatic review under prejudice. And so that's one of the parts that we're missing here. Moreover, a number of the cases, including Bailey, did evaluate the substance of the claims themselves in the petition. And once again, under People v. Jones by the Illinois Supreme Court, we are evaluating whether the petition should be allowed to proceed or was properly dismissed. I see my time is up. Thank you, Your Honors. I'd be happy to answer any further questions. Thank you, counsel. Any questions, Justice Schiller? No questions. No questions for me. And we'll hear now from the appellant on rebuttal. Thank you, Your Honors. I'd just like to quickly address a couple of points that I haven't already talked about in my initial argument. The state argued that there was a strategic benefit to the defense of filing both a motion of a draw guilty plea and a post-conviction petition, because pursuing both of those motions during post-plea proceedings allowed council to present claims that were based on evidence outside of the record. And while, yes, you can raise claims based on outside of the record in a post-conviction proceeding, you can do the exact same thing through a motion to withdraw a guilty plea. Rule 604D specifically addresses that by requiring a defense attorney in complying with that rule to support any claims that are based on evidence not in the record with an affidavit. So Rule 604D specifically envisions the possibility that new evidence outside of the record will be presented via a motion to withdraw a guilty plea and may require an evidentiary hearing. So to the extent that that was a proposed strategic benefit of filing a post-conviction petition, I think that's illusory and just not accurate. This wasn't giving Mr. DeLong two bites at the apple. It was giving him a single bite at the apple to raise these claims during post-conviction or during post-plea proceedings in a way that damaged his ability to pursue future post-conviction relief by subjecting that future post-conviction request to the requirement of cause of prejudice. I'd also like to briefly address counsel had argued that after the Second Circuit Court judge denied leave to file, Mr. DeLong and his attorneys didn't move to reconsider that decision before filing an appeal. Unlike, say, a direct appeal where you are required to make a contemporaneous injection and then file a post-judgment motion to preserve issues for review, I'm aware of nothing in either post-conviction hearing act or the Illinois Supreme Court rules that imposes a similar requirement of a post-judgment motion during post-conviction proceedings. It is true that a defendant is permitted to file a motion to reconsider a post-conviction denial, but there is no case law that I am aware of that subjects that if a defendant chooses not to do that and instead chooses to appeal immediately upon that judgment being entered, that that creates a post-conviction review. The only thing required to preserve an issue for post-conviction review is for the defendant to raise that claim in his post-conviction petition and for that petition to be denied. And as I pointed out earlier, especially as far as issue one, that claim was raised in his petition. He, in multiple places in his post-conviction pleadings, he did allege that his attorney during post-plea proceedings was ineffective for repackaging his motion to withdraw claims as a post-conviction petition. And then specifically on page 230 of the record, he cited People v. Little in support of that argument and noted that this second petition that he was filing was, under Little, his first opportunity to raise a claim in a post- conviction proceeding. Liberally construed as should happen during post-conviction proceedings when you're dealing with a pro se motion, that raises the exact claim that we have raised on appeal that this should be treated as a mutual petition. So for those reasons, we would again ask that this court reverse the circuit court's judgment and remand for new second stage post-conviction proceedings. Thank you, Your Honors. I'll cede the remainder of my time. Any questions, Justice Schoeller? No, thank you. Questions from me? The court will take the matter under advisement and issue its decision in due course. Thank you, counsel. Have a good day. Thank you.